# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES PRATER ,**

              **Plaintiff,**

**-vs-**                                                **Case No.  6:07-cv-888-Orl-31DAB**

**FLORIDA POWER & LIGHT COMPANY,**

              **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEPOSITIONS AND INSPECTION OF FACILITY (Doc. No. 21)** |
| **FILED:** | **February 18, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FILE DISPOSITIVE MOTIONS (Doc. No. 22)** |
| **FILED:** | **February 26, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

> **MOTION:** **MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY (Doc. No. 25)**
>
> **FILED:** March 3, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

As indicated by the papers filed and the plethora of attached e-mails, the parties cannot seem to cooperate with respect to scheduling and completing discovery. Here, Plaintiff seeks an Order compelling Defendant to set deposition dates for two named witnesses and a Rule 30(b)(6) representative, and for permission to inspect and photograph Plaintiff's workplace in Defendant's facility. For its part, Defendant seeks to preclude the Rule 30(b)(6) deposition, as "cumulative" and "duplicative, " and seeks to extend discovery and the dispositive motion deadline. The Court addresses each, in turn.

In Plaintiff's motion to compel, Plaintiff asserts that defense counsel "has no dates between mid-February and the end of discovery on April 1, 2008, for which she might schedule any deposition,"but then notes, with no apparent irony, that March 27 was offered by Defendant, but that date was not available for Plaintiff's counsel. According to the Response filed by Defendant (Doc. No. 24), the delays and difficulties are the fault of Plaintiff's counsel. Although the motion asserts that the parties were unable to resolve the dispute, it appears from the Response that, in fact, the parties have been able to work out a satisfactory schedule for deposing the two named witnesses, thus mooting the motion as to Ms. Grant and Mr. Kinzer's deposition.

With respect to the deposition of a Rule 30(b)(6) witness, Defendant asserts that it is cumulative in that Plaintiff had the opportunity to obtain the information sought "through the depositions of various supervisors previously taken." The Court finds nothing cumulative or

duplicative about the requested deposition. The purpose of a Rule 30(b)(6) deposition is to take the deposition of the corporation or entity. There is a marked difference between testimony of a supervisor or other employee and the testimony of the entity itself, even if that testimony is given through the same employee. This is especially so when the entity is a party defendant. Defendant's motion assumes, wrongly, that the testimony of a supervisor necessarily *is* that of the employer. The motion for protective order is not well taken, and is therefore **denied.** To the extent the motion to compel seeks a date and a designation for the deposition, the motion is **granted.** Defendant shall respond to the Notice by designating an appropriate representative or representatives and the parties shall coordinate a deposition date promptly.

As for inspection of the facility/workplace, Defendant's Response indicates that the parties have largely agreed to allow *some* inspection of the Facility, but Defendant asserts that it continues to object to a wholesale inspection of its secured facility. The Court does not believe that Plaintiff is seeking to measure every inch of the facility. Although the Court would rather counsel be able to agree to the scope of the inspection without Court intervention, since such is not the case, the motion to compel is **granted**, to the extent Plaintiff is allowed to inspect and photograph (subject to the parties' agreement regarding confidentiality) all areas Plaintiff used or traveled upon in the course of a typical workday.

The final matter for resolution is Defendant's motion to enlarge time to complete discovery and to file dispositive motions. Defendant asserts that it needs additional time to complete discovery, due to Plaintiff's filing of supplemental discovery responses in January and February, and the need for additional depositions. Plaintiff does not object to additional time for discovery, but does object to extending the May deadline for dispositive motions. The Court finds no good cause to extend the

dispositive motion deadline agreed to by the parties in the Case Management Report. The motion is therefore **granted, in part.** The deadline for discovery is extended until May 2, 2008. Provided, however, this extension in no way relieves the parties of other obligations and deadlines set forth in the Scheduling Order. Further, this extension shall not be the basis for seeking relief from that Order. Provided further, this extension assumes that there will be no disputes regarding discovery within this extended period, and the Court will not entertain any motions pertaining to such disputes. In particular, the parties are reminded that the deadline for filing of dispositive motions is **NOT** extended.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record