**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES PRATER,**

           **Plaintiff,**

**-vs-**                               **Case No. 6:07-cv-888-Orl-31DAB**

**FLORIDA POWER & LIGHT COMPANY,**

           **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 28) filed by the Defendant, Florida Power and Light Company ("FPL") and the response (Doc. 36) filed by the Plaintiff, James Prater ("Prater").

**I.    Background**

Prater sued FPL in state court on March 20, 2007. His seven-count verified complaint (Doc. 2) alleged a failure to accommodate and retaliation under both the Florida Civil Rights Act (Counts I and II) and the Americans with Disabilities Act (Counts III and IV), as well as coercion (Count V), intentional infliction of emotional distress (Count VI) and negligent infliction of emotional distress (Count VII). On May 25, 2007, FPL removed the case to this Court, alleging that federal question jurisdiction existed due to Prater's alleging a claim under the ADA. (Doc. 1 at 2). Prater sought to remand the state law claims back to state court (Doc. 12). FPL opposed the motion (Doc. 15), which this Court denied on July 27, 2007. (Doc. 17).

In a remarkable reversal, FPL now argues that this Court lacks subject matter jurisdiction over the complaint, which must therefore be dismissed. (Doc. 28). FPL points out that – not surprisingly for a suit filed in state court – Prater's verified complaint never explicitly invokes the jurisdiction of the *federal* court, instead simply asserting that the matter in controversy exceeds $15,000. (Doc. 28 at 2). FPL also notes that, while Prater alleges that he has exhausted his administrative remedies in regard to his FCRA and ADA claims, he did not attach a copy of his charge of discrimination or his right to sue letter to his verified complaint, making it impossible for this Court to verify the exhaustion of remedies and the timeliness of suit. (Doc. 28 at 2). FPL offers no explanation for its failure to notice these "shortcomings" a year ago, when it removed the case.

FPL cites to no case law requiring that EEOC charges or right-to-sue notices be attached to a complaint or holding that either of these documents have jurisdictional implications, and the Court's research has not uncovered any. To the contrary, it is clear that the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The same is true of the 90-day period in which an ADA plaintiff must file suit. *See, e.g.*, *Brown v. Walt Disney World Co.*, 805 F.Supp. 1554 (M.D.Fla. 1992) (ninety-day period to bring suit after receiving right-to-sue letter is in the nature of a statute of limitations, subject to waiver, and not jurisdictional). *And see Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1525 (11th Cir. 1983) (Title VII procedural requirements are conditions precedent to suit rather than jurisdictional requirements). Plus, in addition to stating two claims under federal law, Prater's verified complaint contained allegations that he had exhausted his administrative remedies,

including averments that he had timely filed his charge with the EEOC and received a notice of right to sue less than 90 days before filing the instant suit.  (*See, e.g.*, Doc. 2 at 5).  Finally, Prater contends in his response that FPL was aware that he had satisfied these procedural requirements, in that he supplied FPL with copies of the EEOC charge (Doc. 36-3 at 6-10) and right to sue letter (Doc. 36-3 at 11-12) to FPL a week before FPL filed the instant motion.

In short, it appears that FPL has wasted the time of everyone involved in responding to and resolving this motion.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 28) is **DENIED**.  In addition, FPL is **ORDERED TO SHOW CAUSE** by written response not more than 11 days from the entry of this order why sanctions should not be imposed for filing a frivolous motion.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 2, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-3-