**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES PRATER,**

           **Plaintiff,**

-vs-                                                     Case No.  6:07-cv-888-Orl-31DAB

**FLORIDA POWER & LIGHT COMPANY,**

           **Defendant.**

_____

## ORDER

This matter comes before the Court on the response (Doc. 49) to the order (Doc. 48) denying the Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 28) and ordering the Defendant to show cause why sanctions should not be imposed for filing a frivolous motion.

Nearly a year after removing this employment discrimination case to federal court, the Defendant argued that the Court lacked subject matter jurisdiction because the Plaintiff (1) had not explicitly invoked federal jurisdiction in his state court complaint and (2) had not attached a copy of his charge of discrimination or right-to-sue letter to his complaint. As the Court pointed out in its order, the motion was meritless for a number of reasons. The law does not require that those documents be attached to a complaint. The issue to which those documents relate – exhaustion of remedies – had been adequately alleged in the verified complaint (along with Plaintiff's claims under the Americans with Disabilities Act, which obviously gave rise to federal question jurisdiction). The Defendant had these documents in its possession prior to filing the motion, and

thereby knew whether the Plaintiff had satisfied the pertinent requirements.[1] And neither the charge nor the right-to-sue letter affects the Court's subject matter jurisdiction; at most a plaintiff's failure to obtain those documents would lead to dismissal for failure to state a claim.

The Defendant does not contradict the points raised above or even respond to them on the merits. Rather, the Defendant essentially does nothing more than reiterate the allegations of the motion to dismiss – *i.e.*, that plaintiffs asserting employment discrimination must exhaust their administrative remedies. Disingenuously, the Defendant also asserts that the motion was based on a lack of documentation from which *the Court* could determine whether the Plaintiff had exhausted those remedies. Of course, in the absence of any assertion that the Plaintiff has failed to exhaust his administrative remedies, the Court has no need of any such documents.

In pertinent part, 28 U.S.C. § 1927 provides that the Court may require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously ... to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." After reviewing the response filed by counsel for the Defendant, the Court is convinced that the motion to dismiss was filed unreasonably and vexatiously, for the purpose of multiplying these proceedings, which it accomplished. Accordingly, pursuant to 28 U.S.C. § 1927, it is hereby

**ORDERED** that counsel for the Defendant, Ellen S. Malasky, is hereby personally **SANCTIONED** in the amount of the reasonable costs, expenses, and attorneys' fees incurred by the Plaintiff in responding to the motion to dismiss. The Plaintiff shall file an accounting of those

---

[1] Tellingly, neither the motion to dismiss nor the response to the order denying it contains an allegation that the Plaintiff failed to exhaust his administrative remedies.

sums not more than ten days from the entry of this order, and Malasky shall have ten days thereafter in which to file any objections as to the reasonableness of the amount sought.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 20, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party